07 CV 6889

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

CHRISTIAN YOPA and ABI-SARA
MACHOLD,

                             Plaintiffs,        CIVIL ACTION NO.:_____

     v.

                                                  COMPLAINT WITH JURY
                                                  DEMAND

GREYHOUND LINES, INC.
and LAIDLAW INTERNATIONAL, INC.,

                             Defendants.

----------------------------------------------------------x

## PLAINTIFFS' COMPLAINT

Plaintiffs Christian Yopa and Abi-Sara Machold, by and through their attorneys, Kreindler & Kreindler LLP, hereby states as follows:

### Parties

1. Plaintiff CHRISTIAN YOPA is a citizen of Cameroon and a resident of Berlin, Germany and is married to Abi-Sara Machold.

2. Plaintiff ABI-SARA MACHOLD is a citizen of Austria and resident of Berlin, Germany and is married to Christian Yopa.

3. Defendant Greyhound Lines, Inc. (hereinafter "Greyhound") is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business in the State of Texas. Greyhound conducts substantial business in the State of New York and within this District.

4. Defendant Laidlaw International, Inc. (hereinafter "Laidlaw") is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of

business in the State of Illinois. Laidlaw conducts substantial business in the State of New York and within this District.

5. Greyhound is a subsidiary of Laidlaw and 100% of its stock is owned by Laidlaw.

### Jurisdiction and Venue

6. This Court has jurisdiction over this matter based on diversity of citizenship of the parties and the matter in controversy exceeds the sum of $75,000 excluding interest and costs.

7. The Court has *in personam* jurisdiction over defendants because at all times material to this cause of action they were and are foreign corporations for profit organized and existing under the laws of a state other than New York but regularly and continually conducting business in the State of New York, having sufficient contacts with the State of New York, both generally and with regard to this specific action, that the exercise of personal jurisdiction over them does not offend the traditional notions of fair play and substantial justice and is proper.

8. Venue in this District satisfies the requirements of 28 U.S.C. § 1391, in that defendants conduct substantial business in this District and are subject to personal jurisdiction within this District.

### Background

9. At all times mentioned herein, defendant Greyhound was and is in the business of owning, operating, managing, controlling and maintaining, by and through its servants, agents and employees, commercial buses, and as such, it owned, operated, managed, controlled and maintained the bus upon which plaintiffs were passengers at the time of the accident at issue in this case.

10. At all times mentioned herein, defendant Laidlaw was and is in the business of owning, operating, managing, controlling and maintaining, by and through its servants, agents and

employees, commercial buses, and as such, it owned, operated, managed, controlled and maintained the bus upon which plaintiffs were passengers at the time of the accident at issue in this case.

11. At all times mentioned herein, defendants operated as common carriers, in that their buses were made available for transportation to the general fare-paying public.

12. At all times mentioned herein, Ronald Burgess was an employee of Greyhound.

13. At all times mentioned herein, Ronald Burgess operated a bus owned, managed, controlled and maintained by defendants with defendants' permission and consent and within the course and scope of his employment.

14. On or about August 28, 2006, defendants owned, leased, maintained, managed, controlled and operated a Greyhound Bus Number 4014, model DL-3 bearing Texas state registration number R7HW58 ("the subject bus").

15. On or about August 28, 2006, Ronald Burgess operated the subject bus on its route between New York City and Montreal, Quebec and with the express and implied permission of one or both of the defendants was responsible for the security of the subject bus and the safety of those in the subject bus.

16. On or about August 28, 2006, plaintiffs Christian Yopa and Abi-Sara Machold were fare-paying passengers on the subject bus.

17. On or about August 28, 2006, plaintiffs Christian Yopa and Abi-Sara Machold boarded the subject bus at the Port Authority Bus Terminal in New York, New York. Plaintiffs sat on the passenger side, near the rear of the bus.

18. On or about August 28, 2006, the subject bus, driven by Ronald Burgess and on which Christian Yopa and Abi-Sara Machold were passengers, was traveling on Interstate-87, a public roadway or thoroughfare, in or near Elizabethtown, New York.

19. On or about August 28, 2006, Ronald Burgess operated the subject bus negligently by being inattentive to his driving responsibilities, the state of the bus equipment and the conditions of the roadways.

20. On or about August 28, 2006, a damaged tire on the subject bus either exploded or deflated abruptly.

21. On or about August 28, 2006, after the aforementioned tire explosion, Ronald Burgess loss control of the subject bus and it then veered off the roadway, slammed through a guardrail, rolled along the edge of a deep gully for several hundred feet, overturned repeatedly and crashed.

22. As the subject bus rolled along the gully, several passengers, including plaintiffs, were thrown from the bus at distances of up to and greater than 75 feet.

23. Prior to August 28, 2006, defendants were aware of the proclivity their model DL-3 buses had for tires exploding or deflating abruptly, which could result in loss of control of the vehicles as well as consequent accidents.

24. Prior to August 28, 2006, defendants knowingly purchased, leased, employed, operated and used model DL-3 buses, including the subject bus, with frangible roofs, which would collapse upon impact.

25. Prior to August 28, 2006, defendants knowingly purchased, leased, employed, operated and used model DL-3 buses, including the subject bus, that lacked passenger seatbelts.

26.  Prior to August 28, 2006, knowing that the absence of seatbelts would cause passengers to be ejected from such buses in the event of an accident and rollover, defendants chose not to install seatbelts in their model DL-3 buses.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (NEGLIGENCE)

27.  Plaintiffs hereby incorporates each and every allegation contained in paragraphs 1 through 25.

28.  As common carriers, defendants had a duty to exercise the highest standard of care and to provide safe transport to all passengers on the subject bus.

29.  Defendants breached the duties of care they owed to plaintiffs by negligently operating, maintaining, managing, controlling and leasing the subject bus; by negligently hiring, supervising, training, communicating with and educating their employees, representatives and agents who operated, controlled managed and maintained the subject bus; and by recklessly ignoring the history of tire explosions or abrupt deflations in their model DL-3 buses and continuing to operate said buses.

30.  A proximate cause of the crash was defendants' negligence; their reckless disregard of the care required to be exercised by law and common practice for the safety of their passengers; and other culpable conduct of defendants, through their agents, employees and representatives, without any fault or negligence on the part of plaintiffs contributing thereto.

31.  Ronald Burgess's failure to use appropriate care to operate the subject bus, to observe the conditions of the roadway and to exercise the requisite control over the bus violated state common law standards and state and federal statutory standards, and was otherwise negligent.

32.  As a proximate result of defendants' negligence and breach of their duties of care, plaintiffs suffered serious injuries, as defined by section 5102 (d) of New York State's Insurance Law, including personal injuries, pain and suffering, a loss of the quality of enjoyment of life and loss of consortium, have suffered economic loss greater than basic economic loss as defined by section 5104 of New York State's Insurance Law, have incurred medical expenses and will continue to incur such expenses in the future, have lost earnings and in the future will continue to lose earnings, have sustained psychiatric and emotional distress, and all other damages allowable under the applicable law, all of which exceeded the sum of $75,000, exclusive of interest and costs, such amounts to be proven at trial.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
## (LOSS OF CONSORTIUM)

33.  Plaintiffs hereby incorporates each and every allegation contained in paragraphs 1 through 31.

34.  Plaintiffs Christian Yopa and Abi-Sara Machold are married, and as husband and wife are entitled to one another's services, society, companionship and consortium.

35.  As a result of plaintiffs' injuries, as caused by the negligence of the defendants, Christian Yopa has suffered the loss of his wife's services, society, companionship and consortium and Abi-Sara Machold has suffered the loss of her husband's services, society, companionship and consortium.

36.  As a result of the foregoing, plaintiff Christian Yopa has been damaged in the amount of TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00) and plaintiff

Abi-Sara Machold has been damaged in the amount of TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00).

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (BREACH OF WARRANTIES)

37. Plaintiffs hereby incorporates each and every allegation contained in paragraphs 1 through 31.

38. Defendants expressly and impliedly warranted that they would provide safe, reliable and appropriate common carriage bus transportation for their fare-paying passengers, using bus operation techniques that would assure the reasonable and safe transport of all passengers, including plaintiffs, and that their drivers, buses and equipment were reasonably fit for their intended and foreseeable uses and purposes.

39. Defendants breached their express and implied warranties by failing to provide safe, reliable and appropriate common carriage bus transportation for their fare-paying passengers when the subject bus crashed during the trip from New York City to Montreal.

40. As a proximate result of defendants' breach of their express and implied warranties, plaintiffs suffered serious injuries, as defined by section 5102 (d) of New York State's Insurance Law, including personal injuries, pain and suffering and a loss of the quality of enjoyment of life, have suffered economic loss greater than basic economic loss as defined by section 5104 of New York State's Insurance Law, have incurred medical expenses and will continue to incur such expenses in the future, have lost earnings and in the future will continue to lose earnings, have sustained psychiatric and emotional distress, and all other damages allowable

under the applicable law, all of which exceeded the sum of $75,000, exclusive of interest and costs, such amounts to be proven at trial.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### (PUNITIVE DAMAGES)

41. Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1 through 35.

42. The reckless, wanton and willful misconduct of defendants, including their employees, and their gross disregard for the safety of their passengers, including, but not limited to, their knowing disregard of the propensity of the tires on their model DL-3 buses to explode or abruptly deflate; the use of frangible roofs on their model DL-3 buses; the absence of passenger seatbelts on their model DL-3 buses; the lack of training defendants provided to their drivers; and the grossly deficient vehicle operation during the trip from New York City to Montreal on August 28, 2006 was a proximate cause of the vehicle's crash and plaintiffs' resultant injuries.

43. As a result of the foregoing, defendants are liable to the plaintiffs for punitive damages in the sum of One Hundred Million Dollars ($100,000,000).

### CONCLUSION

WHEREFORE, plaintiffs expressly reserves her right to amend the complaint up to and including at the time of trial to include all theories of recovery and items of damages not yet ascertained, demands a jury trial, and demands judgment against defendants in an amount to be determined by a jury; in addition to her costs, interest and all other relief to which he may be entitled.

Dated: July 31, 2007

Respectfully Submitted,

KREINDLER & KREINDLER LLP

By: _____/s/_____
Megan W. Benett (MB1234)
James P. Kreindler (JPK7084)
100 Park Avenue
New York, New York  10017
(212) 687-8181
(212) 972-9432 Facsimile

Attorneys for Plaintiffs