UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHRISTINA YOPA and ABI-SARA MACHOLD,

                                Plaintiffs,

        -v-

GREYHOUND LINES, INC. and LAIDLAW
INTERNATIONAL, INC.,

                                Defendants.
------------------------------------------------------------------X

Civil Action No.
07 CV 6889 (PKL)

**ANSWER**

**Jury Trial Demanded**

       Defendants, GREYHOUND LINES, INC. and LAIDLAW INTERNATIONAL, INC., by their attorneys, FABIANI COHEN & HALL, LLP, as and for an Answer to the plaintiffs' Complaint set forth, upon information and belief, the following:

## PARTIES

       FIRST:    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "1" of the plaintiffs' complaint.

       SECOND:    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "2" of the plaintiffs' complaint.

       THIRD:    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "3" of the plaintiffs' complaint, except admit that defendant, GREYHOUND LINES, INC., is a corporation organized and existing under the laws of the State of Delaware, maintains its principal place of business in the State of Texas, and conducts business in the State of New York and within this District.

       FOURTH:    Deny the allegations contained in Paragraph No. "4" of the plaintiffs' complaint, except admit that defendant, LAIDLAW INTERNATIONAL, INC., is a corporation

364787.1

organized and existing under the laws of the State of Delaware, maintains its principal place of business in the State of Illinois, and conducts business in the State of New York.

FIFTH: Deny each and every allegation contained in Paragraph No. "5" of the plaintiffs' complaint.

## JURISDICTION AND VENUE

SIXTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "6" of the plaintiffs' complaint and respectfully refer all questions of law to the determination of the Trial Court.

SEVENTH: Deny each and every allegation contained in Paragraph No. "7" of the plaintiffs' complaint and respectfully refer all questions of law to the determination of the Trial Court.

EIGHTH: Deny each and every allegation contained in Paragraph No. "8" of the plaintiffs' complaint and respectfully refer all questions of law to the determination of the Trial Court.

## BACKGROUND

NINTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "9" of the plaintiffs' complaint, except admit that defendant, GREYHOUND, was and is in the business of utilizing buses, some of which are owned by Greyhound, to transport passengers.

TENTH: Deny each and every allegation contained in Paragraph No. "10" of the plaintiffs' complaint.

ELEVENTH: Deny each and every allegation contained in Paragraph No. "11" of the plaintiffs' complaint.

TWELFTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "12" of the plaintiffs' complaint, except admit that on August 28, 2006, and at the time of the accident at issue in this litigation, Ronald Burgess was an employee of Greyhound.

THIRTEENTH: Deny the allegations contained in Paragraph No. "13" of the plaintiffs' complaint, except admit that Ronald Burgess operated a bus with defendant Greyhound's permission and consent and within the course and scope of his employment by Greyhound Lines, Inc.

FOURTEENTH: Deny the allegations contained in Paragraph No. "14" of the plaintiffs' complaint, except admit that on August 28, 2006, Ronald Burgess operated an MCI bus, model 102DL3 bearing Texas state registration number R7HW58.

FIFTEENTH: Deny the allegations contained in Paragraph No. "15" of the plaintiffs' complaint, except admit that on August 28, 2006, Ronald Burgess operated the subject bus with the express and implied permission of defendant Greyhound Lines, Inc.

SIXTEENTH: Admit the allegations contained in Paragraph No. "16" of the plaintiffs' complaint.

SEVENTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "17" of the plaintiffs' complaint.

EIGHTEENTH: Admit the allegations contained in Paragraph No. "18" of the plaintiffs' complaint.

NINETEENTH" Deny each and every allegation contained in Paragraph No. "19" of the plaintiffs' complaint.

TWENTIETH:   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "20" of the plaintiff's complaint.

TWENTY-FIRST:   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "21" of the plaintiff's complaint.

TWENTY-SECOND: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "22" of the plaintiff's complaint.

TWENTY-THIRD:   Deny each and every allegation contained in Paragraph No. "23" of the plaintiffs' complaint.

TWENTY-FOURTH: Deny each and every allegation contained in Paragraph No. "24" of the plaintiffs' complaint.

TWENTY-FIFTH:   Deny each and every allegation contained in Paragraph No. "25" of the plaintiffs' complaint.

TWENTY-SIXTH:   Deny each and every allegation contained in Paragraph No. "26" of the plaintiffs' complaint.

### ANSWERING THE FIRST CAUSE OF ACTION ASSERTED AGAINST DEFENDANTS FOR NEGLIGENCE

TWENTY-SEVENTH:   In response to Paragraph No. "27" of the plaintiffs' complaint, the answering defendants repeat, reiterate and reallege each and every assertion and denial contained in Paragraph Nos. "FIRST" through "TWENTY-SIXTH" hereinabove as though more fully set forth at length herein.

TWENTY-EIGHTH: Deny each and every allegation contained in Paragraph No. "28" of the plaintiffs' complaint and respectfully refer all questions of law to the determination of the Trial Court.

364787-1

TWENTY-NINTH: Deny each and every allegation contained in Paragraph No. "29" of the plaintiffs' complaint and respectfully refer all questions of law to the determination of the Trial Court.

THIRTIETH: Den y each and every allegation contained in Paragraph No. "30" of the plaintiffs' complaint.

THIRTY-FIRST: Deny each and every allegation contained in Paragraph No. "31" of the plaintiffs' complaint and respectfully refer all questions of law to the determination of the Trial Court.

THIRTY-SECOND: Deny each and every allegation contained in Paragraph No. "32" of the plaintiffs' complaint and respectfully refer all questions of law to the determination of the Trial Court.

### ANSWERING THE SECOND CAUSE OF ACTION ASSERTED AGAINST DEFENDANTS FOR LOSS OF CONSORTIUM

THIRTY-THIRD: In response to Paragraph No. "33" of the plaintiffs' complaint, the answering defendants repeat, reiterate and reallege each and every assertion and denial contained in Paragraph Nos. "FIRST" through "THIRTY-SECOND" hereinabove as though more fully set forth at length herein.

THIRTY-FOURTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "34" of the plaintiffs' complaint and respectfully refer all questions of law to the determination of the Trial Court.

THIRTY-FIFTH: Deny each and every allegation contained in Paragraph No. "35" of the plaintiffs' complaint.

THIRTY-SIXTH: Deny each and every allegation contained in Paragraph No. "36" of the plaintiffs' complaint.

## ANSWERING THE SECOND CAUSE OF ACTION ASSERTED AGAINST DEFENDANTS FOR BREACH OF WARRANTIES

THIRTY-SEVENTH: In response to Paragraph No. "37" of the plaintiffs' complaint, the answering defendants repeat, reiterate and reallege each and every assertion and denial contained in Paragraph Nos. "FIRST" through "THIRTY-SIXTH" hereinabove as though more fully set forth at length herein.

THIRTY-EIGHTH:   Deny each and every allegation contained in Paragraph No. "38" of the plaintiffs' complaint and respectfully refer all questions of law to the determination of the Trial Court.

THIRTY-NINTH:   Deny each and every allegation contained in Paragraph No. "39" of the plaintiffs' complaint.

FORTIETH:   Deny each and every allegation contained in Paragraph No. "40" of the plaintiffs' complaint.

## ANSWERING THE THIRD CAUSE OF ACTION ASSERTED AGAINST DEFENDANTS FOR PUNITIVE DAMAGES

FORTY-FIRST:   In response to Paragraph No. "41" of the plaintiffs' complaint, the answering defendants repeat, reiterate and reallege each and every assertion and denial contained in Paragraph Nos. "FIRST" through "FORTIETH" hereinabove as though more fully set forth at length herein.

FORTY-SECOND:   Deny each and every allegation contained in Paragraph No. "42" of the plaintiffs' complaint.

FORTY-THIRD:   Deny each and every allegation contained in Paragraph No. "43" of the plaintiffs' complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FORTY-FOURTH: Upon information and belief, any damages sustained by the plaintiffs herein were not caused by any negligence or carelessness on the part of the answering defendants, their servants, agents or employees, but were caused solely by the negligence and carelessness of the plaintiffs and that such conduct requires diminution of any award, verdict or judgment that plaintiffs may recover against the answering defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FORTY-FIFTH: Notwithstanding that the answering defendants have denied liability herein, in the event that liability is found, the liability of the answering defendants shall be fifty percent or less of the total liability assigned to all persons liable and pursuant to CPLR §1601 et seq., the liability of the answering defendants for non-economic loss shall not exceed their equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FORTY-SIXTH: That to the extent plaintiffs recover any damages for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings and/or other economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, social security payments, Workers' Compensation, employee benefits or other such programs, in accordance with the provisions of the CPLR §4545.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

FORTY-SEVENTH: Upon information and belief, the injuries sustained by plaintiffs are such that they do not fall within the requirements of Insurance Law §5102, et seq.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FORTY-EIGHTH:    The Third Cause of Action of the plaintiffs' complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FORTY-NINTH:    The Southern District of New York is an inconvenient forum for the trial of this action and therefore the Southern District of New York is an improper venue. The Northern District of New York is a proper venue.

**WHEREFORE**, defendants, GLI and LAIDLAW INTERNATIONAL, INC., demand:

1. Judgment dismissing the Complaint;

2. Together with the costs and disbursements of this action.

**Dated:**    New York, New York
August 20, 2007

Yours, etc.,

**FABIANI COHEN & HALL, LLP**

_____
Kevin B. Pollak (KBP 6098)
**Attorneys for Defendants**
GREYHOUND LINES, INC., and
LAIDLAW INTERNATIONAL, INC.
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

TO:    **KREINDLER & KREINDLER LLP**
Megan W. Benett (MB1234)
**Attorneys for Plaintiff**
100 Park Avenue
New York, New York 10017
(212) 687-8181

8

364787-1

Christina Yopa and Abi-Sara MacHold v. Greyhound Lines, Inc., and Laidlaw International, Inc.
07 Civ. 6889 (PKL)  -  Our File No. 818.34464

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Answer was sent via first class mail, postage prepaid, this 20th day of August, 2007, to:

**KREINDLER & KREINDLER LLP**
**Attorneys for Plaintiffs**
**100 Park Avenue**
**New York, New York  10017**
**(212) 687-8181**

_____
Kevin B. Pollak (6098)

Sworn to before me this
20th day of August, 2007.

_____
NOTARY PUBLIC

Nancy I. Rivera
Notary Public, State of New York
No. 01RI6058556
Qualified in New York County
Commission Expires 5/14/20___

364926.1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHRISTINA YOPA and ABI-SARA MACHOLD,

                                     Plaintiffs,

      -v-                                                                Civil Action No.
                                                                    07 CV 6889 (PKL)

GREYHOUND LINES, INC. and LAIDLAW
INTERNATIONAL, INC.,

                                       Defendants.
-----------------------------------------------------------------X

## ANSWER

**FABIANI COHEN & HALL, LLP**
Attorneys for Defendant
GREYHOUND LINES, INC., and
LAIDLAW INTERNATIONAL, INC.
570 Lexington Avenue-4th Floor
New York, New York 10022
(212) 644-4420

To: Attorney(s) for:
Sir(s):

    PLEASE TAKE NOTICE that a                  of which the within is a (true) (certified) copy

    [ ]NOTICE OF ENTRY *was duly entered in the within named court on* 2007

    [ ]NOTICE OF SETTLEMENT *will be presented for settlement to the Hon.*
    *one of the judges of the within named court at the Courthouse at* on , 2007 at o'clock

Dated:

                          Yours, etc.,
                    FABIANI COHEN & HALL, LLP
                   570 Lexington Avenue, 4th Floor
                     New York, New York 10022
                          (212) 644-4420

To:

Attorney(s) for: