```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TERESITA SANTIAGO, RAMON LORENZO and
TERESITA SANTIAGO, as the Mother and Natural         06 CIV. 13371 (PKL)
Guardian of KAREN SANTIAGO DIAZ and HENRY
LORENZO, infants,

                        Plaintiffs,
                                                     REQUIRED
          v.                                         DISCLOSURES OF
                                                     MOTOR COACH
GREYHOUND LINES, INC., and THE GOODYEAR              INDUSTRIES, INC.
RUBBER and TIRE COMPANY                              UNDER RULE 26(A)

                        Defendant.
-----------------------------------------------------------------X
GREYHOUND LINES, INC.,

               Third-Party Plaintiff,
     v.

MOTOR COACH INDUSTRIES, INC.

               Third-Party Defendant.
-----------------------------------------------------------------X
AND ALL CASES CONSOLIDATED UNDER
06 CIV. 7108 (PKL)
-----------------------------------------------------------------X
```

Third Party Defendant Motor Coach Industries, Inc. ("MCII"), by its attorneys, Novack Burnbaum Crystal LLP, hereby provides the initial disclosure required under Rule 26(a) of the Federal Rules of Civil Procedure:

## INTRODUCTION

Representations of fact herein are made in good faith and without the benefit of completed initial disclosures by plaintiffs, defendants, or other third party defendants or completed discovery.

1

Accordingly, these disclosures should not be construed to limit the ability of MCII to later identify individuals with knowledge of relevant facts, or to identify documents, as the issues in this case are clarified during the course of discovery. Furthermore, MCII reserves the right to supplement or amend the within responses based on additional information obtained during the course of the instant litigation.

**A.    The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

The individuals known to MCII who are most likely to have discoverable information with respect to MCII's claims and defenses in this action are: Harold Zuschlag, Executive Vice President of Engineering c/o Novack Burnbaum Crystal LLP, 300 East 42nd Street, New York, New York 10017.

In addition, MCII incorporates herein by reference, without admission, the persons identified by other parties to these cases who may claim to have knowledge of the matters involved herein as such matters may concern MCII.

MCII further believes that additional persons with discoverable information with respect to this matter, including, without limitation, persons employed by defendants and/or other third party defendants, and/or by one or more companies affiliated with any of them, may be disclosed in the course of discovery, and the above designation is without prejudice to MCII's right to designate such additional persons as discovery proceeds.

**B.**   **A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Copies of documents now known to MCII, and in its possession, custody and control, which MCII may use to support its defenses herein are as follows: (a) Final Vehicle Record for Unit 52551; (b) Greyhound Lines, Inc., Maintenance Division, Engineering Department, Specifications – 102DL3 Coach, Spec # 0534, Released 5/12/99, Revised 7/01/99; (c) SmartTire Brochure; (d) Long Term Agreement ("Long Term Agreement") among Greyhound Lines, Inc., MCII, and Dina Autobuses, S.A. de C.V., dated as of January 22, 1998; and (e) Warranty Records for Unit 52551. Copies of these documents will be made available for inspection upon request subject, in the case of the Long Term Agreement, to the execution of an appropriate confidentiality agreement.

MCII reserves its right to produce further documents in support of its defenses in this action to the extent such documents become known to MCII in the course of this action.

**C.**   **A computation of any category of damages claimed by disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

MCII has not asserted a claim for damages against plaintiffs in this action. In the event MCII is found liable, which liability MCII denies, MCII is seeking indemnity and/or contribution, in whole or in part, from defendants Greyhound Lines, Inc. and The Goodyear Tire and Rubber Company, Inc.

**D.**   **For inspection and copying as under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Copies of insurance agreements which may be liable to satisfy part or all of a judgment which

may be entered in this matter will be made available for inspection upon request.

    E.    Disclosure of Expert Information pursuant to Rule 26(a)(2).

MCII has not yet determined which expert(s) it may call as witness at the time of trial.

Dated: New York, New York
September 9, 2008

                NOVACK BURNBAUM CRYSTAL LLP

                By: _____
                     Howard C. Crystal (HC 1666)

                300 East 42nd Street
                New York, NY 10017
                (212) 682-4002
                Attorneys for Third Party Defendant MCII

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served via first class mail, postage prepaid, this 9th day of September, 2008, upon:

FABIANI COHEN & HALL, LLP
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

HERRICK, FEINSTEIN, LLP
2 Park Avenue
New York, New York 10016
(212) 592-1400

TAUB & MARDER
Kenneth Marder
450 Seventh Avenue, 37th Street
New York, New York 10123
(212) 967-1122

RICH & RICH, P.C.
Jeffrey M. Rich
30 Vesey Street
New York, New York 10007
(212) 406-0440

KREINDLER & KREINDLER
James P. Kreindler
Megan Benett
100 Park Avenue, 18th Floor
New York, New York 10017
(212) 697-8181

GOLDBERG SEGALLA, LLP
William Gordon Kelly
170 Hamilton Avenue, Suite 203
White Plains, New York 10601-1717
(914) 798-5400

Lisa M. Robinson
5789 Widewaters Parkway
Syracuse, New York 13214
(315) 413-5400

RUBENSTEIN & RYNECKI, ESQS.
Robert Petitt
16 Court Street, Suite 1717
Brooklyn, New York 11214
(718) 522-1020

NORMAN LISS, ATTORNEYS-AT-LAW, P.C.
Norman Liss
200 West 57th Street
New York, New York 10019
(212) 586-6165

VALAD and VECCHIONE PLLC
John J. Vecchione
3863 Plaza Drive
Fairfax, VA 22030

THE LIETZ LAW FIRMS, PLLC
David L. Leitz (*admitted pro hace vice*)
888 16th Street North West
Suite 800
Washington, DC 20006

E. STEWART JONES, PLLC
28 Second Street
Troy, NY 12181

CHAPMAN ZARANSKY LLP
114 Old Country Road, Suite 680
Mineola, NY 11501
(516) 741-6601

LAW OFFICES OF JAY H. TANNENBAUM
110 Wall Street, 16th Floor
New York, NY 10005
(212) 422-1765

LAW OFFICES OF NEIL MOLDOVAN
One Old Country Road, Suite 270
Carle Place, New York 11514
(516) 294-3300

LAW OFFICES OF EDWARD P. RYAN
Edward P. Ryan, Esq.
38 Eagle Street
Albany, NY 11207
(518) 465-2488

QUIRK AND BAKALOR, P.C.
Scott P. Taylor
845 Third Avenue
New York, NY 10022

LAW OFFICES OF MARK SCNEIDER
Mark Scneider, Esq.
57 Court Street
Plattsburgh, NY 12901

ARNSTEIN & LEHR LLP
Mark Enright
Richard C. Gering
120 South Riverside Plaza, Suite 1200
Chicago, IL 60606

_____
Howard C. Crystal